IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY AMMONS,

      Plaintiff,               No. CIV S-10-0544 DAD P

    vs.

C. BAKEWELL et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $3.25 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

In his complaint, plaintiff has identified C. Bakewell and A. Nangalama as the defendants in this action and alleges as follows. On June 10, 2009, plaintiff was injured on the basketball court after being poked in his left eye. His fellow inmates escorted him to the medical clinic where his medical care was delayed by one hour and fifteen minutes. Plaintiff overheard a nurse inform defendant Bakewell about the severity of plaintiff's injury, but defendant Bakewell told the nurse to give plaintiff eye drops and to send him back to his cell without an examination. That same evening plaintiff experienced pain, dizziness, and constant headaches, and he could not see out of his left eye. Plaintiff then returned to the medical clinic at which point medical personnel referred him to U.C. Davis Medical Center. Plaintiff was diagnosed with a corneal abrasion. Plaintiff subsequently filed an inmate appeal against defendant Bakewell and asked her supervisor defendant Nangalama to reprimand her, but defendant Nangalama denied the appeal and said he saw nothing wrong with defendant Bakewell's conduct. Plaintiff claims that defendants Bakewell and Nangalama have been deliberately indifferent to his medical needs in violation of the Eighth Amendment. In terms of relief, plaintiff seeks monetary damages. (Compl. at 1-10 & Exs.)

The court finds that plaintiff's complaint appears to state a cognizable claim for inadequate medical care under Eighth Amendment against defendant Bakewell. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court also finds, however, that plaintiff's complaint does not state a cognizable claim against defendant Nangalama. Plaintiff is advised that prison officials are not required under federal law to process inmate appeals in a specific way or to respond to them in a favorable

manner.  In this regard, even if defendant Nangalama denied plaintiff's inmate appeal, he has not deprived him of a federal constitutional right.  It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Moreover, it is well established that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Here, plaintiff has not alleged a specific causal link between any actions by defendant Nangalama and the claimed constitutional violations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.25.  All fees shall be collected and paid in

3

accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for defendant Bakewell.

4. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the complaint filed March 5, 2010.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for the defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint, including the exhibits attached thereto, filed March 5, 2010.

6. Plaintiff shall not attempt to effect service of the complaint on the defendant or request a waiver of service of summons from the defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 11, 2010.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
ammo0544.1

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY AMMONS,

        Plaintiff,                  No. CIV S-10-0544 DAD P

    vs.

C. BAKEWELL et al.,            <u>NOTICE OF SUBMISSION</u>

        Defendants.           <u>OF DOCUMENTS</u>

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        \_\_\_\_\_ <u>one</u> completed summons form;

        \_\_\_\_\_ <u>one</u> completed USM-285 forms; and

        _____ <u>two</u> true and exact copies of the complaint, including the exhibits attached thereto, filed March 5, 2010.

DATED: _____.

                                                                        Plaintiff